IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| KATHLEEN DOTY § | |
| § | |
| VS. § | CIVIL ACTION NO. H-07-3782 |
| § | |
| SUN LIFE ASSURANCE COMPANY § | |
| OF CANADA § | |

## OPINION AND ORDER

Before the Court, by referral of the District Court, is "Plaintiff's Motion to Require Document Production and for In Camera Inspection." The Court, having given careful consideration to the Motion and the relevant additional submissions of the Parties now issues this Opinion and Order.

On June 2, 2006, after Plaintiff, Kathleen Doty, an ex-employee of Clear Creek Independent School District (CCISD), was denied long-term disability payments under the Plan maintained by CCISD, she filed suit against Defendant, Sun Life Assurance Company of Canada (Sun Life) by invoking federal jurisdiction under the Employee Retirement Income Security Act (ERISA). Unfortunately, for Doty, CCISD's long-term disability plan is a governmental plan exempted from ERISA coverage. Sun Life did not challenge the Court's jurisdiction, but moved for summary judgment on other grounds. After summary judgment was granted in favor of Sun Life, Doty's counsel realized his mistake and filed a Motion to Dismiss for lack of subject matter jurisdiction. The District Court granted Doty's Motion on October 2, 2007. Sun Life appealed, but the United States Court of Appeals for the Fifth Circuit affirmed the dismissal on August 8, 2008. Neither Court took any disciplinary action against Sun Life for failing to challenge the

District Court's jurisdiction. During the administrative prosecution of her claim, the failed lawsuit and the appeal, Doty was represented by Attorney David C. Redford.

On November 8 2007, Doty, through Redford, filed the instant action asserting, again, her entitlement to long-term disability payments under CCISD's Plan. Five days later, Doty filed the instant Motion seeking an in camera review of "all letters, memoranda or other documents discussing whether the claim of Kathleen Doty was covered by ERISA or whether Clear Creek Independent School District was a governmental entity under 28 U.S.C. § 1003(b)." According to Doty, she "believes that the letters of Sun Life and their (sic) attorneys will show that they knew that ERISA did not apply to Plaintiff's claims but they were representing to the Court and to Plaintiff that ERISA did apply. This is fraud," she concludes. Consequently, Doty wants the Court, under the guise of the Crime/Fraud Exception of Rule 503(d)(1) of the Texas Rules of Evidence, to examine and, hopefully, disclose the documents otherwise covered by the attorney-client or work-product privileges.

The Court must admit that upon initial consideration Doty's offer is tempting. After all, an in camera inspection is simple and the Court must confess its curiosity over whether Sun Life and its attorneys purposefully duped the District Court during the 16 month pendency of the first lawsuit and continued their efforts during the month long appeal. Notwithstanding, two Courts have already had an opportunity to consider, at least indirectly, the need for such an inquiry and have taken no action. Moreover, after more sober second thoughts, there seems little to be gained in regard to this litigation by lifting the veil of privilege.

Even if the Court were to assume fraud, which it will not do, the disclosure of the suspected supportive documents are of no use to Doty in pursuit of her claim for long-term

disability benefits.  Sun Life's attorneys cannot be sued by Doty for fraud.  Under Texas law, attorneys cannot be held liable to the opposing party for wrongful litigation conduct, <u>Renfroe v. Jones & Associates</u>, 947 S.W.2d 285, 287-88 (Tex. App.-- Ft. Worth, 1997) (<u>citing</u> <u>Bradt v. West</u>, 892 S.W.2d 56, 76 (Tex. App. -- Houston [1st Dist.] 1994, writ denied); if any attorney's conduct violates his professional responsibility, the remedy is public, not private. Id. 287    Nor can Sun Life be sued for fraud, because, generally, claims of fraud cannot arise from legal opinions.  <u>Taub v. Houston Pipeline Co.</u>, 75 S.W.3d 606, 621 (Tex. App. -- Texarkana, 2002) While there are three recognized exceptions to the latter Rule, none apply here.  First, Sun Life had no superior knowledge of the applicable law during the initial lawsuit; both Parties were represented by experienced counsel.  Cf. <u>Fina Supply, Inc. v. Abilene Nat. Bank</u>, 726 S.W.2d 537, 540 (Tex. 1987)    Second, there was no fiduciary duty between Sun Life and Doty, individually.  <u>Massachusetts Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134, 140 (1985) (Relevant fiduciary relationship is with the Plan.)   Third, the "misrepresentation" of the jurisdictional law did not concern a present factual state of affairs; Doty knew she had been an employee of CCISD and her counsel was free to research the apparent jurisdictional concession of Sun Life.  <u>Fina Supply</u>, 726 S.W.2d at 540

   Having determined that granting Doty's Motion would serve no useful purpose in the advancement of this case, it is the **ORDER** of this Court that "Plaintiff's Motion to Require Document Production and for In Camera Inspection" (Instrument on. 27) is **DENIED**.

   **DONE** at Galveston, Texas, this _____10th_____ day of March, 2009.

_____
John R. Froeschner
United States Magistrate Judge