**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KATHLEEN DOTY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-3782 |
| | § | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND SETTING
SCHEDULING CONFERENCE**

This court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge signed on August 31, 2009. The court has also considered the objections of the defendant filed on August 31, 2009 and made a *de novo* determination. Rule 72(b), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989).

Based on the pleadings, the record, and the applicable law, the court adopts the Memorandum and Recommendation as this court's Memorandum and Order, with one correction. The magistrate judge cited an example of a contractual variation of a statutory standard of review that is not current law. In *Hall Street Assocs., LLC v. Mattel, Inc*., 128 S.Ct. 1396 (2008), the Supreme Court addressed whether parties could supplement by contract the statutory grounds for vacating an arbitration award provided in the Federal Arbitration Act, including heightening the standard of review established in the statute. The Supreme Court answered this question in the negative. *Id.* at 1400 ("We hold that the statutory grounds are exclusive."). In *Hall Street,* the parties to an arbitration agreement had agreed that a district court could vacate any arbitration award "where the arbitrator's findings of fact are not supported by substantial evidence, or [ ] where the

arbitrator's conclusions of law are erroneous." *Id.* at 1400-01.  The Supreme Court held that parties could not fortify by contract the deferential standard of review established in the FAA, explaining that the FAA "substantiat[es] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Id.* at 1405.

      This court nonetheless agrees with the magistrate judge that denying the defendant's summary judgment motion as to the breach of contract and breach of the duty of good faith and fair dealing claims is appropriate.  Under either a *de novo* review or a review under the standard set in the insurance contract, the record does not support finding, as a matter of law, that Sun Life did not breach its contractual obligation to pay long-term disability benefits, its good faith and fair dealing obligation, or its Texas Insurance Code obligations under § 541.060(a)(7)(by denying the claim without conducting a reasonable investigation) and § 541.060(a)(2)(A) (by denying the claim without attempting in good faith to bring about a fair settlement after liability was reasonably clear).  This court also agrees with the magistrate judge that, as a matter of law, there is no basis for recovery on the misrepresentation claims under § 541.061 and § 541.060(a)(1) of the Texas Insurance Code.  Accordingly, the plaintiff's motion for partial summary judgment, Docket Entry No. 26, is denied, and the defendant's motion for summary judgment, Docket Entry No. 34, is granted in part and denied in part.

      This case is no longer referred to the magistrate judge.  A pretrial conference is set for **October 19, 2009, at 5:00 p.m.** to set a schedule for completing the pretrial work and for trial.

      SIGNED on September 23, 2009, at Houston, Texas.

                                                                   Lee H. Rosenthal
                                                                 United States District Judge